UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD McCORKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:04-CV-1942 DFH-TAB |
| | ) | |
| HENRY COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION TO ADD DEFENDANTS AND CAUSE OF ACTION**

**I.      Background.**

In the spring of 2004, Henry County Sheriff Kim Cronk (the "Sheriff"), disciplined

Plaintiff Richard McCorkle for violations of department policies regarding McCorkle's

investigation of an incident of sexual harassment.  By statute, the Sheriff could suspend

McCorkle for up to fifteen days without pay.  Ind. Code § 36-8-10-11.  More extreme discipline

requires a hearing in front of the Henry County Merit Board (the "Board").  Id.  McCorkle

alleges that his punishment by the Sheriff exceeded the allowed fifteen-day suspension, but the

Board declined to afford him a hearing.

McCorkle originally filed his complaint against Henry County and "Does 1-20,"[1] seeking

judicial review of the Board's decision to deny his request for a hearing pursuant to Indiana

Code § 36-8-10-11(e), and alleging Henry County deprived him of his Constitutional rights

---

[1]Although McCorkle's proposed amended complaint seeks to add new Defendants,
McCorkle continues to identify "Does 1-20" as Defendants in this matter.  The Seventh Circuit
Court of Appeals has made clear that "it is pointless to include lists of anonymous defendants in
federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ.
P. 15."  Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).  Accordingly,
Does 1-20 should be dismissed.

under 42 U.S.C. § 1983.  Henry County subsequently removed the action to this Court on

November 29, 2004.  With respect to his § 1983 claim, McCorkle seeks to replace Henry County

with the individual members of the Board.[2]  In addition, McCorkle seeks to add a claim under 42

U.S.C. § 1985, in which he alleges that the individual Board members and the Sheriff conspired

to deprive him of some unspecified rights.  Henry County objects and contends that the motion is

untimely because it was filed after the deadline for such motions.  Additionally, Henry County

argues that the proposed amended complaint fails to state a claim for which relief can be granted.

Thus, Henry County asserts, McCorkle's motion for leave to amend his complaint should be

denied.

**II.     Standard.**

Amendment of pleadings is allowed as a matter of course once before a responsive

pleading is served or otherwise only by leave of court or by written consent of the adverse party.

Fed. R. Civ. P. 15(a).  Leave to amend "shall be freely given when justice so requires."  Id.

However, "a district court may deny leave to amend on the grounds of undue delay, bad faith,

dilatory motive, prejudice, or futility."  Guise v. BWM Mortg., L.L.C., 377 F.3d 795, 801 (7th

Cir. 2004), citing Indiana Funeral Directors Ins. Trust v. Trademark Ins. Corp., 347 F.3d 652,

655 (7th Cir. 2003).  A new claim is futile if it would not withstand a motion to dismiss.  Vargas-

Harrison v. Racine Unified School Dist., 272 F.3d 964, 974 (7th Cir. 2001).

**III.    Discussion.**

**A.      Timeliness.**

McCorkle filed the instant motion on May 27, 2005, twenty-six days after the Court-

---

[2]The individual Board members are  Harold Devine, R. Scott Hayes, Richard Leitch, Tom
Thompson, and John Kellam.

approved deadline for amendments.  [Docket No. 11, p. 4].  The Court agrees with Henry County

that "there is no reason why plaintiff could not have sought this amendment within the generous

time provided by the case management plan."  Id.  However, there is no evidence in this case that

McCorkle filed his motion in bad faith.  Further, granting leave will not unfairly prejudice the

Defendants.  The discovery deadline is December 1, 2005, and the deadline to submit dispositive

motions is January 1, 2006, which leaves adequate time for the parties to conduct discovery and

prepare any dispositive motions.  [Docket No. 11, p. 6].  Thus, McCorkle's motion should not be

denied on this basis.

       **B.**      **Futility.**

       **1.**      **Addition of Defendants.**

      Henry County contends that the individual members of the Board cannot be named as

Defendants in this lawsuit because they enjoy absolute immunity in their quasi-judicial roles.

[Docket No. 19, p. 3].  "Officers and agencies that perform quasi-judicial functions are entitled

to absolute immunity in order to protect their decision-making function from being impeded by

fear of litigation or personal monetary liability."  Crenshaw v. Baynerd, 180 F.3d 866, 868 (7th

Cir. 1999), citing Thompson v. Duke, 882 F.2d 1180, 1185 (7th Cir. 1989).  Other courts have

determined that merit boards and other like bodies have absolute immunity in their quasi-judicial

capacities.  See, e.g., Williams v. Seniff, 342 F.3d 774, 787 (7th Cir. 2003) (choosing not to

address the district court's finding that the merit board members enjoyed absolute immunity for

the exercise of judicial discretion); Reed v. Village of Shorewood, 704 F.2d 943, 952 (7th Cir.

1983) (local liquor commissioner was absolutely immune for ruling on licensing decisions).

Courts employ "'a functional approach'" when determining whether absolute immunity provides

a safe haven for the acts of nonjudicial government officers.  Dawson v. Newman, Jr.,

2005 WL 1981346, at * 5 (7th Cir. 2005 Aug. 18, 2005) (quoting Wilson v. Kelkhoff, 86 F.3d 1438, 1443 (7th Cir. 1996)).

Simply, "immunity is defined by the functions it protects and serves, not the person to whom it attaches." Crenshaw, 180 F.3d at 868, quoting Forrester v. White, 484 U.S. 219, 227 (1988). Moreover, absolute immunity only extends to the adjudicatory functions of the judicial officer, and will not apply to those acts that are "purely administrative," such as terminating an employee. Doyle v. Camelot Care Centers, Inc., 305 F.3d 603, 622 (7th Cir. 2002) citing Forrester, 484 U.S. at 223. Thus, the Court must determine whether the decision by the Board not to provide McCorkle a hearing was an adjudicatory one, as Henry County argues. [Docket No. 19, p. 3]. For the reasons discussed below, the Court finds that the Board acted in an adjudicatory capacity. Accordingly, the individual Board members are entitled to absolute immunity.

The Court cannot imagine a set of circumstances in which the actions of the Board, as alleged by McCorkle, would not be considered adjudicatory for the purposes of absolute immunity. Indeed, McCorkle alleges in his complaint that he was deprived of a public fact finding hearing, language that implies a quasi-judicial function of the Board. [Docket No. 18, Attach. 1, p. 9]. Courts have interpreted decisions not to hold a hearing as "part and parcel of the decision process," and therefore subject to absolute immunity. Thompson, 882 F.2d at 1184, citing Anderson v. Boyd, 714 F.2d 906 (9th Cir. 1983). Thompson determined that the defendants were serving in a quasi-judicial capacity when they scheduled a parole violation hearing that never took place. Id. The fact that the defendants had a statutory duty to conduct a hearing, or that the scheduling of a hearing is routine procedure, did not detract from the "integral judicial (or quasi-judicial) function" of the activity. Id. As in Thompson, the Board

4

members had a statutory duty under Indiana Code § 36-8-10-11 to conduct a hearing if the

Sheriff's punishment exceeded a fifteen-day suspension.  The merit board, in its quasi-judicial

capacity, determined that there was no legal basis for it to conduct the fact finding hearing

requested by McCorkle.  [Docket No. 18, Attach. 1, p. 10, ¶ 46].  Given the similarities between

Thompson and the case at bar, the Court finds the Thompson analysis is controlling.[3]  See also

Crenshaw, 180 F.3d at 868 (members of the Indiana Civil Rights Commission acted in a quasi-

judicial capacity in determining that they lacked jurisdiction to review and consider plaintiff's

complaint).  Thus, the members of the Board were serving in a quasi-judicial capacity when they

denied McCorkle a hearing, and an amended complaint naming them as Defendants would be

futile.  McCorkle's motion for leave to amend to add the individual members of the Board

should be denied.

### 2.      Cause of Action 42 U.S.C. § 1985.

McCorkle also seeks to add a claim pursuant to 42 U.S.C. § 1985, alleging that the

Sheriff and the members of the Board conspired to deprive McCorkle of his rights.  As discussed

above, the members of the Board are absolutely immune from suit, and therefore McCorkle

cannot bring a § 1985 claim against the members.

Moreover, Henry County argues that McCorkle's proposed claim would be futile because

McCorkle has not identified himself as a member of a protected class.  [Docket No. 19, p. 4].

The United States Supreme Court ruled that, in order to claim deprivation of the equal protection

---

[3] This case is factually distinct from, and thus, necessarily arrives at an outcome contrary to, Dawson.  Dawson, 2005 WL 1981346 at * 5, (parole officials could not invoke absolute immunity where plaintiff's well-based protest of parole supervision fell on "deaf ears," and parole officials did literally nothing to evaluate or determine the merit of plaintiff's complaints).

of the laws under § 1985(2) or § 1985(3),[4] "there must be some racial, or perhaps otherwise

class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v.

Breckenridge, 403 U.S. 88, 102 (1971). Courts in the Seventh Circuit have held that "plaintiffs

must allege facts demonstrating that class-based discrimination was the reason for defendants'

conduct" to withstand a motion to dismiss under § 1985(2) and § 1985(3). Love v. Bolinger, 927

F.Supp. 1131, 1140 (S.D. Ind. 1996) (citations omitted). See also Wright v. Ill. Dept. Of

Children & Family Services, 40 F.3d 1492, 1507 (7th Cir. 1994) (stating that a plaintiff must

allege a class-based animus to state a claim for denial of access to state courts). McCorkle has

not alleged a class-based animus in this case, and thus he would not survive a motion to dismiss

with respect to his proposed § 1985 claim. Accordingly, McCorkle's motion should be denied in

this regard as well.

## IV.    Conclusion.

For the above-stated reasons, the Magistrate Judge recommends that McCorkle's motion

to amend be DENIED. Any objections to the Magistrate Judge's Report and Recommendation

shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1), and failure to file timely

objections within ten days after service shall constitute a waiver of subsequent review absent a

---

[4]McCorkle does not specify under which subsection of § 1985 he purports to bring this claim. However, the Court agrees with Henry County that subdivision (1) does not apply to McCorkle's claim. McCorkle must show that he is a federal actor to bring a claim under § 1985(1). However, McCorkle is employed by Henry County, not the federal government. See, e.g., Kush v. Rutledge, 460 U.S. 719, 724 103 S. Ct. 1483, 1487 (1983); Love v. Bolinger, 927 F.Supp. 1131, 1139 (S.D. Ind. 1996) (state employees were not "federal actors" for the purposes of bringing a § 1985(1) claim); Baron v. Carson, 410 F.Supp. 299, 301 (N.D. Ill. 1976) (county officials not covered by § 1985(1)).

showing of good cause for such failure.


So ordered.  DATED:  08/22/2005


_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana


Copies to:

Thomas Dean Margolis
icarusx@earthlink.net

James S. Stephenson
STEPHENSON MOROW AND SEMLER
jstephenson@stephlaw.com

Rosemary L. Borek
STEPHENSON MOROW AND SEMLER
rborek@stephlaw.com

Wayne E. Uhl
STEPHENSON MOROW AND SEMLER
wuhl@stephlaw.com