UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RIC McCORKLE,                              )
                                          )
            Plaintiff,                    )
                                          )     CASE NO. 1:04-cv-1942-DFH-TAB
      v.                                  )
                                          )
HENRY COUNTY,                             )
                                          )
            Defendant.                    )


ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT


Plaintiff Ric McCorkle, a captain with the Henry County Sheriff's Department, brought this suit in state court against Henry County challenging both a disciplinary decision against him by the Henry County Sheriff and the decision of the Sheriff's Merit Board to deny review of the Sheriff's discipline decision. McCorkle's complaint seeks judicial review of the decisions of the Sheriff and the Sheriff's Merit Board under two state statutory provisions. McCorkle's complaint also alleges a claim under 42 U.S.C. § 1983 that the disciplinary decisions deprived him of property without the due process of law guaranteed by the Fourteenth Amendment to the United States Constitution. The County removed this case to federal court and moved for summary judgment on McCorkle's § 1983 claim. As explained below, defendant's motion is granted. The case is remanded to state court to consider McCorkle's state law claims.

*Facts for Summary Judgment*

The following facts are either undisputed or, if disputed, treat the disputed evidence in the light reasonably most favorable to McCorkle as the non-moving party, giving him the benefit of reasonable inferences in his favor.  See generally *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).   In March 2004, McCorkle was a supervising captain in the Henry County Sheriff's Department. While McCorkle was serving in his post, he was informed of allegations that a male merit deputy with the department had sexually assaulted and/or harassed a female reserve deputy.  McCorkle has testified that during his investigation of the incident, the reserve deputy asked that she be able to handle the matter outside the protocol of the Sheriff's Department, and that she did so by communicating with the merit deputy by e-mail.

Henry County Sheriff Kim Cronk later became aware of the incident between the two deputies.  He conducted an official investigation of both the incident and McCorkle's handling of the situation.  Sheriff Cronk later filed disciplinary charges against McCorkle with the Merit Board.  The Sheriff amended the charges in July 2005, requesting that McCorkle be demoted from captain to sergeant and suspended without pay for 30 days.  The Merit Board scheduled a hearing in the matter for August 25, 2004.

The day before the scheduled hearing, Sheriff Cronk contacted McCorkle and asked him to attend a meeting the next morning.  At the meeting, Cronk gave

McCorkle a letter stating Cronk's determination that McCorkle had committed department violations of conduct unbecoming an officer, abuse of process, and failure to take appropriate action in response to the reserve deputy's complaint. Cronk's letter also stated that he was imposing on McCorkle the following disciplinary measures:  (1) suspension of fifteen work days without pay; (2) assignment to work the night shift at the Henry County Jail as a non-supervisory employee for fifteen days following his suspension; (3) loss of personal use privileges for his department vehicle for three months; (4) transfer from captain assigned to the road to other duties, including prisoner transport, report reviewing, civil process review and statistical evaluation, non-supervisory patrol duties, and "any other duties assigned to you by the Sheriff"; (5) a statement that McCorkle's chain of command required him to report directly to Sheriff Cronk; (6) placement on "probation" for a period of one year; and (7) prohibition on having "riders" in his vehicle while performing patrol duties.  See Cronk Aff. ¶ 11, Ex. G.

At the Merit Board meeting that afternoon, Sheriff Cronk withdrew the formal charges against McCorkle, as well as his request for a formal hearing on the matter.  Cronk Aff. Ex. H.  McCorkle's counsel sent a letter to Sheriff Cronk on August 25, 2004 complaining that the Sheriff had improperly taken unilateral action against McCorkle and requesting a hearing on the matter.  Cronk Aff. Ex. I.  McCorkle's counsel sent Sheriff Cronk and the members of the Merit Board an additional letter on August 26, 2004 requesting minutes from the Merit Board meeting the previous day, reiterating his claim that the Sheriff had exceeded his

powers, and again requesting a Merit Board hearing.  Cronk Aff. Ex. J.  Sheriff
Cronk responded that he would present McCorkle's request for review at the next
Merit Board meeting.  Cronk Aff. Ex. K.  The Merit Board asked McCorkle to
explain in writing his claims that Sheriff Cronk had exceeded his authority under
Indiana law and department policy so that the Merit Board could determine
whether a hearing should be held.  Cronk Aff. Ex. L.  At a meeting of the Merit
Board on October 20, 2004, the board reviewed materials submitted by McCorkle's
counsel and then voted to decline McCorkle's request for a hearing, explaining
that Sheriff Cronk had the authority to withdraw charges filed with the board and
to impose discipline within the department.  Cronk Aff. Exs. M, N.  As far as the
record indicates, the discipline imposed by the Sheriff took effect.

## Discussion

McCorkle claims that he was denied the opportunity to challenge the
allegations against him before either Sheriff Cronk or the Sheriff's Merit Board.
After Henry County removed the case to this court, McCorkle filed a motion to
amend the pleadings in this case, seeking (1) to join additional parties to the §
1983 action and (2) to join an additional claim under 42 U.S.C. § 1985 against
Sheriff Cronk and the members of the Merit Board.  The court denied the motion
and dismissed defendants "Does 1-20" on September 28, 2005.  See Docket Nos.
29, 33.  The County has now filed a motion for summary judgment as to

McCorkle's § 1983 claim and seeks remand of the state law claims to the state court.[1]

I.   *The County as Defendant*

McCorkle's decision to combine federal claims under § 1983 with a state law claim for judicial review of a disciplinary decision has raised a question about the proper defendant. Henry County has moved for summary judgment on the § 1983 claim on the ground that McCorkle has sued the wrong party, though his decision to name only the County as a defendant was consistent with requirements of state law for his state law claim for judicial review. The Indiana statute providing for judicial review states that the County "must be named as the sole defendant," and provides further: "Neither the board nor the members of it may be made parties defendant to the complaint. . . ." Ind. Code § 36-8-10-11(e). McCorkle complied with this requirement by naming only Henry County as a defendant.

---

[1]Plaintiff failed to file his response to the defendant's motion for summary judgment in a timely manner. Defendant filed electronically its motion for summary judgment on September 2, 2005, giving plaintiff 33 days to file his response, which was due on October 5, 2005. (Local Rule 56.1 allows 30 days for a response to a summary judgment motion, and Federal Rules of Civil Procedure 5(b)(2) and 6(e) allow three additional days to respond to filings served electronically.) Although the court often allows brief extensions for good cause, plaintiff failed to request an extension of time and filed his response to the motion on October 18, 2005, thirteen days past the deadline. The court does not take lightly such failures to comply with the applicable deadlines. Rather than risk satellite litigation between McCorkle and his attorney, however, the court has elected not to strike plaintiff's brief and to address this matter on its merits.

As a matter of federal law, however, the proper defendants on a claim like McCorkle's § 1983 claim would be the Sheriff and the Merit Board and its members, in their official capacities and/or their individual capacities, depending on the relief being sought.  This conclusion stems from the fact that individual liability under § 1983 must be based on direct participation in the alleged constitutional violation and governmental or official capacity liability must be based on an official policy or custom that causes the alleged violation.  See generally *Brokaw v. Mercer County*, 235 F.3d 1000, 1012 (7th Cir. 2000) (personal responsibility needed for individual liability); *Palmer v. Marion County*, 327 F.3d 588, 595 (7th Cir. 2003) (official policy or custom needed for governmental liability).  The individuals involved in the relevant events here were Sheriff Cronk and the individual members of the Merit Board.  An official policy or custom claim here would need to be based on the Sheriff's and/or the Merit Board's role as the final policymaking authority as a matter of state law.  See *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 737 (1989) (policymaking authority is determined by state law); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (same); *Eversole v. Steele*, 59 F.3d 710, 716 (7th Cir. 1995) (same).

Indiana courts have repeatedly held that, because the office of the local Sheriff is created by the Indiana Constitution as an independent office, "county commissioners do not have any control over the acts of the sheriff and its officers," and therefore the commissioners may not be held liable for the Sheriff's actions. See *Radcliff v. County of Harrison*, 627 N.E.2d 1305, 1306 (Ind. 1994) ("the county

commissioners of neither county had control over the actions of the sheriff and neither the county nor the commissioners therefore can be held liable for a claim of false imprisonment made against the county sheriff"); *Donahue v. St. Joseph County*, 720 N.E.2d 1236, 1241 (Ind. App. 1999) (affirming trial court dismissal of suit against county for battery sustained by prisoner in county jail); *Hupp v. Hill*, 576 N.E.2d 1320, 1326 (Ind. App. 1991) (stating that because Sheriff was not under the control or authority of the county commissioners, the notice requirement of Indiana Tort Claims Act was not satisfied by notice to the county alone).  Accordingly, the County itself may not be held liable for the acts of the Sheriff in this case.   See *Wood v. Marion County Sheriff*, 2005 WL 1528226, * 3 (S.D. Ind. 2005) (Young, J.) (for discipline of members of the Sheriff's department, the Sheriff is the policymaker, by statute, with respect to suspensions up to 15 days, and the Merit Board is the policymaker with respect to longer suspensions), citing Ind. Code § 36-8-10-11.

Whether the County might be held liable for the refusal of the Merit Board to review McCorkle's case is a closer question.  By Indiana statute, every Sheriff's Merit Board is established by a county ordinance, with three members appointed by the Sheriff and two members elected by the officers of the department.  Ind. Code § 36-8-10-3.  However, the court need not resolve whether the County may be held liable under § 1983 for the acts of the Merit Board.  As explained next,

McCorkle has failed to present a genuine issue of material fact as to whether he was deprived of a property interest without due process of law.[2]

II.    *Deprivation of Property Interest*

McCorkle claims that the discipline imposed by Sheriff Cronk and the Merit Board's denial of his hearing request deprived him of a property interest in his employment without due process of law.  To prevail on such a claim, McCorkle must show (1) that he had "a constitutionally protected property interest," (2) that he was deprived of the interest, and (3) that the deprivation occurred without due process of law.  *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 360 (7th Cir. 2005).  A protected property interest in government employment must arise from more than mere desire; the plaintiff must point to an interest created by statute, regulation, ordinance, or contract.  *Id.*; *Williams v. Seniff*, 342 F.3d 774, 787 (7th Cir. 2003).  The Indiana Supreme Court has held that the Merit Board statute, Ind. Code § 36-8-10-11(a) creates a legitimate claim of entitlement by the Sheriff's deputies to their jobs, such that constitutional due process protections apply when a deputy may lose his or her job.  *Marion County Sheriff's Merit Board v. Peoples Broadcasting Corp.*, 547 N.E.2d 235, 239 (Ind. 1989), citing *Board of Regents v. Roth*, 408 U.S. 564 (1972).  The question is whether Sheriff Cronk's

_____

[2]McCorkle sought to join Sheriff Cronk to his § 1983 claim in his motion to amend the complaint, Docket No. 18, also untimely, filed 26 days after the deadline for such a motion in this case.  Even if the court had granted this request, the outcome would have been the same, as shown by the following analysis of the merits of McCorkle's due process claim.

discipline of McCorkle deprived him of this property interest without due process when imposed without a hearing before the Merit Board.

McCorkle's brief is not entirely clear as to exactly which aspects of his discipline he claims amounted to a due process violation. It seems reasonably clear, however, that he is not challenging the 15-day suspension without pay. That is the maximum suspension without pay that Indiana law authorizes the Sheriff to impose without Merit Board review. Ind. Code § 36-8-10-11(b). McCorkle seems to base his due process claim on the additional, lesser forms of discipline imposed by Sheriff Cronk: the placement of McCorkle on "probationary" status for one year, the loss of personal use privileges of his department vehicle, a change in McCorkle's duties and his chain of command, and revocation of his "rider" privileges.

Generally, non-pecuniary losses do not rise to the level of procedural due process protection. See *Deen v. Darosa*, 414 F.3d 731, 734 (7th Cir. 2005) (non-pecuniary loss does not implicate the Constitution); *Swick v. City of Chicago*, 11 F.3d 85, 87 (7th Cir. 1993) ("We do not think that 'property' within the sense of the amendment should be extended to the purely dignitary or otherwise non-pecuniary dimensions of employment.").

In *Luellen v. City of East Chicago*, 350 F.3d 604 (7th Cir. 2003), the Seventh Circuit found that suspension of a firefighter with pay, which also denied him

additional "on call pay," did not deprive the firefighter of a property interest in his job.  Loss of this additional benefit did not implicate the kind of constitutional protection necessary for suspensions and terminations, the court explained, because the pay was not protected by statute and was not "so integral to his position" as to amount to a loss of the position.  *Id.* at 613-14; see also *Townsend v. Vallas*, 256 F.3d 661, 676-77 (7th Cir. 2001) (temporary reassignment did not amount to a deprivation of property, even where the transfer kept plaintiff teacher from earning additional income as coach).

Similarly, in *Baerwald v. City of Milwaukee*, 131 F.3d 681 (7th Cir. 1997), the Seventh Circuit found no property interest at stake where a firefighter was placed on sick leave against his wishes and, having been forced to use up all such leave, was required to take an unpaid leave while waiting for medical clearance to return to the job.  "[I]t cannot be," the court explained, "that every dispute over sick leave, or every interruption in pay because of an injury or illness, or every denial of a fringe benefit (parking privileges?), is, unlike discharge, or suspension without pay, or refusal to reinstate, a constitutional controversy just because the employee is a tenured public employee."  *Id.* at 683 (citations omitted).  Constitutional deprivations must be "atypical and significant," not the normal and inevitable losses "that people suffer as a result of contractual disputes and other ordinary frictions of life."  *Id.*

In this case, the undisputed evidence shows that the additional forms of discipline against McCorkle were not so integral to his position as to amount to property interests triggering federal due process protection. The temporary restrictions on fringe benefits, transfer of duties, and other non-pecuniary discipline did not deprive McCorkle of a property interest in his position.

McCorkle has not pointed to any other source of state law granting him a property interest that was affected by Sheriff Cronk's discipline beyond the 15-day suspension. Merit rule 3-1.1(h) states that the Sheriff "has sole responsibility for the day to day operations of the Department and may issue all general orders, special orders, and standard operating procedures" necessary to fulfill his statutory duties.

McCorkle has shown no property interest in the personal use of his vehicle or in his "rider" privileges. There is no state statute specifically governing the personal use of department vehicles. Merit rule 4-2.18 grants off-duty officers the right to use such vehicles only within the guidelines set by the Sheriff, and also provides that unauthorized passengers may not ride along in vehicles without the Sheriff's permission when an officer is on duty. Standard Operating Procedure ("SOP") 95-94 allows for only minimal personal use of department vehicles. SOP 95-95 requires an officer to obtain permission from his direct supervisor before allowing an unauthorized person to ride along during a shift. See Cronk Exs. Q, S, T.

McCorkle also had no property interest in being assigned certain duties or in being subject to a particular chain of command. Indiana Code § 36-8-10-4(a) grants the Sheriff the authority to assign members of the county police force their duties according to law. GP 95-33 prohibits a merit deputy from turning down any work assignment from dispatch or a supervisor. Cronk Aff. Ex. W. Merit rule 3-1.3 states that a captain, the rank assigned McCorkle, reports directly to the Sheriff, following the established chain of command. Cronk Aff. Ex. V.

Sheriff Cronk's imposition of a year's "probation" is more curious. Indiana law provides that county police officers are on probation for a year from the date of their appointment, and officers on probation may be dismissed by the Sheriff without right to a hearing. Ind. Code §§ 36-8-10-10(b), -11(d). Merit rule 1-2.2 also states: "Probationers may be suspended or discharged by the Sheriff without right to hearing or appeal." Cronk Aff. Ex. O. The court is not aware of any statute, merit rule, or other policy relating to the placement of employees employed longer than one year on probation. As a long-time merit employee with the Henry County Sheriff, McCorkle was not subject to the statute authorizing termination or long-term suspension without a hearing.

It is not clear exactly what Sheriff Cronk meant by telling McCorkle that he was on probation for a year, other than perhaps that he was going to observe his performance closely. The ambiguity does not raise a genuine issue of material fact, however. There is no evidence McCorkle's placement "on probation" as

discipline by Sheriff Cronk was meant to subject him to possible suspension or termination without a hearing, nor did Sheriff Cronk attempt to take such action after August 25, 2004.  Any attempt by Sheriff Cronk to argue that placement of McCorkle on "probation" gave him the right to dismiss McCorkle unilaterally without a hearing would have run afoul of both the Indiana statute and the Supreme Court's clear rejection of this "bitter with the sweet" argument in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 540-41 (1985).  There is no evidence that any such attempt occurred.  Whatever Sheriff Cronk meant by probation, McCorkle has not come forward with evidence that would show a deprivation of property without due process of law.

McCorkle has thus failed to come forward with evidence that would allow a reasonable jury to find that the discipline imposed on him deprived him of any protected property interest.  Accordingly, the County's motion for summary judgment on McCorkle's § 1983 due process claim must be granted.[3]

---

[3]McCorkle also asserts in his affidavit facts that might be construed as a constructive demotion claim, stating that he retained his rank of captain in title only.  See Docket No. 35, ¶ 46.  McCorkle has failed, however, to raise clearly a claim of constructive demotion in any argument before the court, including any of his filings in opposition to summary judgment and his complaint.  The court should not and need not construct arguments for parties and does not consider any such potential claim.

III.    *Remand*

The only remaining claims in this case are McCorkle's state law claims for judicial review of the discipline decisions.  A district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  Because the only claim over which this court has original jurisdiction has been dismissed, the court declines to exercise jurisdiction over the remaining claims, and the case shall be remanded to the state court, as the County has requested.

*Conclusion*

For the foregoing reasons, Henry County's motion for summary judgment as to McCorkle's § 1983 claim (Docket No. 30) is GRANTED.  This case is remanded to the state court for further proceedings.

So ordered.

Date: June 1, 2006

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

-14-

Copies to:

Rosemary L. Borek
STEPHENSON MORROW & SEMLER
rborek@stephlaw.com

Thomas Dean Margolis
icarusx@earthlink.net

James S. Stephenson
STEPHENSON MORROW & SEMLER
jstephenson@stephlaw.com

Wayne E. Uhl
STEPHENSON MORROW & SEMLER
wuhl@stephlaw.com